THE NATIONAL CITY BANK OF NEW YORK, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1028. Submitted November 7, 1938.—Decided December 9, 1938.

Fiddler, Córdova & McConnell, and J. M. Morales for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A mortgage was executed in favor of The Bank of America National Association of New York to secure the payment of a promissory note and recorded in the name of the mortgagee. Later the National City Bank as holder of the note foreclosed the mortgage, and the mortgaged property was recorded in its name as free from encumbrance.

The Bank of America National Association of New York, assigned, transferred, and delivered to The National City Bank of New York a certain obligation secured by mortgage executed in favor of The Bank of America National Association of New York. The National City Bank as the owner and holder of such obligation foreclosed the mortgage and at the foreclosure sale purchased the mortgaged property. After recording a special master's deed of execution and sale, The National City Bank requested a cancellation of the mortgage in the registry of property. The registrar refused to cancel the mortgage on the ground that it was recorded in the name of The Bank of America National Association of New York.

 Section 79 of the Mortgage Law as amended in 1936 (Session Laws (2), p. 144) in a new subdivision 5, added by such amendment, provides that:

"(5) Mortgage records shall be cancelled officially whenever it may be found, from subsequent records of the property, that the recorded right was attached (*sic*) and that the property or property right on which the mortgage was constituted was sold at public auction in favor of the creditor or other person; . . ."

The registrar relies on section 20 of the Mortgage Law. For the purposes of this opinion it may be conceded that prior to the amendment of section 79 in 1936, it would have been necessary to record the mortgage in the name of the foreclosing creditor as assignee of the original mortgagee before making an *ex-officio* cancellation of the mortgage in the registry of property. If there be any conflict however between section 20 and section 79 as amended, the amended

884

article must prevail as a later expression of the legislative will.

Subdivision 5 of the amended article authorizes the cancellation of a mortgage in the registry of property whenever the recorded mortgage has been foreclosed either by the record owner of the mortgage or by a subsequent owner thereof and the mortgaged property has been recorded in the name of a purchaser at a foreclosure sale whether such purchaser be the record owner of the mortgage or any other person.

■ This meaning is not so apparent perhaps from the English version of the new subdivision as it is from the Spanish text which seems to be somewhat more intelligible and for that reason may be regarded as the original. In any event as to any difference between the two texts, the Spanish must prevail. See section 1, subdivision (c) of "An Act to determine rules of legal construction applicable in cases of discrepancies between the Spanish and English texts of any law," approved November 12, 1917 (Session Laws, vol. II, p. 210). Any other construction would, we think, render the words "or other person" nugatory and meaningless.

The ruling appealed from must be reversed with instructions to make the cancellation.

Mr. Chief Justice Del Toro took no part in the decision of this case.